Parker, C. J.
The first question in this case is, whether the rejoinder sets forth a good defence to the demand, as specified in the replication. That the administrator, in the suit against him, might have defended himself by a similar plea, none will deny. For the statutes which provide a limitation of actions against executors and administrators, expressly declare that no executor or administrator shall be compelled or held to answer to any suit., not commenced within four years from the time of his giving public notice that he has accepted that trust. And he was obliged to make that, defence, for the protection of the heirs, devisees, legatees, and purchasers, of the estate which he represents. For the statutes were made for the benefit of all interested in the estate, as well as for the convenience and safety of executors and administrators, (a)
*18 * The administrator, however, in the present case, suffered a judgment to go against him, not having pleaded the statute ; and in a suit to which his sureties, or their representatives, were not parties ; so that they had no opportunity to defend themselves under the statute. We are clearly of opinion that, under these circumstances, the executors of the surety have a right, in the present action, to plead the same matter in their defence ; not being barred by a judgment, suffered collusively or negligently by the administrator, from a protection which the law intended for their benefit, (b)
If it were otherwise, they would be precluded, by a judgment passed inter alios, and which they had no means of preventing, from asserting a privilege which was manifestly intended to be secured to them by the statutes.
The defence set forth in the rejoinder, we are satisfied, is sufficient, unless matter proper to avoid it is shown in the surrejoin der.
The facts therein set forth are that, within four years after administration published, the debt was exhibited to the administrator, who acknowledged it, paid the interest thereon, and promised to pay the principal. Probably this surrejoinder was drawn before the case of Brown & Al. vs. Anderson, Adm., appeared in print. In that case, the same facts which are set forth in the surrejoinder here, were alleged in the replication to the administrator’s plea in bar of the statute, in an action of assumpsit. The court held the replication to be no sufficient answer to the bar ; and for the reasons there given, the same consequence must follow here.
The exhibition and demand of a claim, spoken of in the statute as necessary to prevent the claim from being barred, was to have a retrospective effect — that is, upon demands against estates upon which administration had been granted before the passing of the statute. The provision for claims then future was, that no executor or administrator should be compelled to answer to the suit of any creditor, * unless the same suit shall have been originally commenced within three years (afterwards altered to four years) next following his giving bonds for the faithful discharge of his trust. The exhibition of such claim to the executor *19 or administrator, his acquiescence therein, or even his promise to pay, furnish no legal ground for avoiding the effect of the statute. These acts are all personal, and not official, in the administrator; and he cannot, by them, charge the estate which he represents, it having been discharged by virtue of the statute. Whether they afford ground for an action against him, or for an execution de bonis propriis, as in case of an executor de son tort, are questions not submitted to us in this action; but we are clear that they do not impair the legal defence set up in the present action, as specially stated in the rejoinder.

Surrejoinder adjudged bad.

 Emerson vs. Thomson, 16 Mass. Rep. 429. — Thomson vs. Brown, 16 Mass. Rep. 172. — Ex parte Allen, post, 201, Brown vs. Anderson, 13 Mass. Rep. 201.— Clark vs. Tufts, 5 Pick. 337. — Scott vs. Hancock, 13 Mass. Rep. 165.— Quære, however, whether this is such a construction as ought to have been given to the statute. From the title, preamble, and language, of the acts of 1788, c. 66, and 1791, c. 28, one would rather infer that the provisions, in this regard, were made solely for the benefit of executors and administrators. This would certainly be the most equitable and reasonable construction. Heirs, legatees, and devisees, are not to be preferred to creditors. The former take the estate subject to the payment of debts. They pay nothing foi what they acquire in this way. They lose nothing for which they have given a meritorious consideration, even if the whole estate is taken from them for this purpose. What reason, then, is there for limiting the remedies of creditors in this way, against the estate of a testator or intestate for the benefit of heirs, legatees, and devisees ? If the provision of the statutes in question was intended for the benefit solely of executors and administrators, as the language of the act seems to import, this benefit may be renounced by the persons for whom it was intended. And if the administrator or executor, who represents the intestate or testator, so far as it respects the claims of creditors, think it most consistent with honesty and justice not to interpose an objection founded on these statutes, why should the heirs, legatees, or devisees, be permitted to object ? It is settled that the executor or administrator is not bound to plead the statute oflimitations to personal actions; (Emerson vs. Thomson, and Scott vs. Hancock, ubi sup.;) and in some cases it has been intimated, in pretty strong terms, that the executor or administrator is not bound to plead, and may be censurable for pleading, the defence of infancy. — Martin vs. Mayo & Al. 10 Mass. Rep. 139. — Jackson vs. Mayo & Al. 11 Mass. Rep. 152. —And certainly there may be many cases when the omitting to plead in bar the statute limiting actions against executors and administrators would *18 a.ppear to be quite as proper and justifiable as the waiving the plea of the statute limiting personal actions, and even more so. In the case of foreign creditors, the former statute, if insisted upon, may operate often to produce great hardship and injustice.

 The administrator, who was the principal in the bond, could not dispute the validity of the judgment obtained against him, or plead any thing, which would have been a bar, and might have been pleaded to the action in which it was rendered. If a scire facias had been sued out, suggesting waste, he could not have pleaded this statute. How, then, could the surety avail himself of a defence against this judgment, which the principal could not make ?