Reese J.
delivered the opinion of the court.
The Nashville Bank at the last term of this court, recovered a judgment against the plaintiff, who was indebted to it as. the security of the defendant’s intestate ; although the plaintiff then urged that he was not liable, because the adminis-tratrixhad by the judgmentof the court, been previously exonerated on the ground of the operation of the statute of limitations against executors and administrators. The question in .this case is, whether, having since paid the money to the bank, he can now recover it from the defendant ? And the courtis of opinion, that he can. To maintain tire «orrectness of this opinion, it is proper to enquire, first into the origin of the plaintiff’s cause of action, for the purpose of ascertaining, whether at the time defendant became administratrix he was a creditor within the meaning of the act referred to, and secondly, into the effect upon his rights, produced by the fact, that lapse of time had barred the claim of the bank against his pricipal.
As to the first point, it has been settled that the cause of action, although growing out of the relation of principal and surety created by the original contract, commences in point ol time with, and is founded upon the payment of the debt by the surety, or at the earliest, by a statute of our own, upon the rendition of a judgment against him. It is then, he becomes a creditor of his principal. It is true, that previously to this, and arising from the relation between them, he is not without some protective and preventive remedies against his principal. He may file a bill against his principal and the creditor. He may give the creditor notice to bring suit. But it seems to us that these remedies, are not founded upon, nor does their existence create the relation of creditor and debtor, within the meaning of the act of 1789, c. 23.
Secondly, what effect is produced by the fact, that time had *63 barred the claim of the bank against the defendant ? It is . ° . urged that the operation of the statute for the limitation of tions against executors and administrators, differs from the general statute of limitations, in-this, that the latter takes away the remedy only, while the former entirely extinguishes the debt. This difference is supposed to be established by the cases referred to, which determine, that though an acknowledgement, or new promise by an administrator or other person will take a case out of the general statute ; yet, such acknowledgement or new promise will not. in the case of the special statute, remove the bar or revive the obligation. It is infered from this distinction, by the counsel of defendant, that in the latter case the debt is extinguished absolutely and to the same extent as if satisfied by payment or terminated by a release. But in the cases themselves no such inference is announced. These cases assert that the distinction arises from the fact, that ■ the special statute is created, not for the protection or benefit mainly of the executor or administrator, but for the protection and benefit of heirs, devisees, or distributees. These special statutes intend that there shall be a determinate period, at which the executor, who is the trustee, both of the creditors and distributees, and a sort of stakeholder between them, shall pass the funds, before that time in his possession for the purpose of paying debts, into thehandsmf the distributees, whose property they become. It is true, that Justice S'tory, in the case cited from.5 Mason 111, in referring to a case reported in 15 Mass. Rep. 6, uses the words “extinguishment” and “extinction,” in reference to claims barred by these special statutes; but, from an examination of the cases in 5 Mason and 15 Mass. Rep. 6, it is believed it will be clear, that that learned Judge means total extinction of the remedy only. It seems to us, upon principle and authority, that perhaps in every instance, where the law creates a bar, or suspends an obligation, it acts upon the remedy; the party himself extinguishes the debt. If, instead of bringing this suit, the plaintiff had sued some administrator of the intestate in Kentucky or Alabama, who had qualified within the last year; will it be contended that he could not have recovered; although in each of those states there had been a statute, identical in terms, with *64 the act of 1789, c. 23? In some of the states no such special . , . , - , , , , may exist; what m such state but the general statute, would prevent the plaintiff at any time from recovering against an administrator of the intestate. This shows that the debt is not extinguished by the bar of the statute, and indeed, this point was determined at the last term of the court, in the case of the Nashville Bank against the plaintiff, Marshall, and also in the case of the Nashville Bank against Campbell, reported in 7 Yerg. If more than the remedy had been taken away; if the debt had been extinguished, no judgment could have been rendered against the plaintiff, in favor of the bank, at the last term. We are therefore of opinion, that the plaintiff take his motion.
Judgment for plaintiff.