IÍeese J.
delivered the opinion of the court.
The proviso of the 4th section of the act of 1789, c. 23, is-, “that if any creditor, who after making demand of his debt or claim, shall delay to bring suit at the special request of the executors or administrators, that in that, case, the said debtor demand shall not be barred during the time of the indulgence.” The act of 1789, c. 23, has always been’eonsidered by our courts, as have been similar statutes in other States, as *435 enacted, not for the benefit and protection mainly of the executor or administrator, but for the purpose of guarding rights of those entitled to the residuum and of securing to them its early enjoyment. The policy of the act is, that funds in the hands of the executor or administrator, is a .trust in the first instance for creditors, and then for legatees or distributees, and shall in general at the end of two years, pass out .of the hands of the representative and beyond the claim of creditors, with the enjoyment and ownership of those entitled to the residuum. So clearly is this the scope and-policy of the acts, and so materially does it differ from the general statute of limitations, that in some of the states, where similar statutes exist, it has been well settled, that where a debt is barred by a statute of this description,, no .admission or promise on the part of the administrator, after it has been so barred, can operate to defeat the statute. We think it should be so held, under our own statutes. [15 Mass. R. 6. With this view of the ■ object and policy of the statutes, let us consider of the case put in the proviso, which will suspend its running. 1st. The creditor must make his demand of the debt or claim, and then if he delay to,bring suit, at the special request of the executors or administrators, that in that case, the said debt or demand shall not be barred during the time of the indulgence. What is a special request? Is it some act done, or some expression usual from which an inference might be drawn, that it would be the wish of the administrator that suit should not be brought? certainly not. The language is free from ambiguity. The suit after demand is made, must be delayed by the request of the administrator, not vague, not indefinite, not to be implied or inferred merely, but “special,’’’ and what dren? the debt shall not be barred during the time of the indulgence. The proviso clearly means, that the special request shall stipulate for special delay, for a definite time of indulgence, during which the statute shall not bar the claim. This .is the language of the proviso, and this is consistent with the object and policy of the act. But the circuit court told the jury, that the payment of a part, and a promise to pay the balance soon, were equivalent to the special request, mentioned in the pro-yi_so.
*436 We think this charge is in conflict with the meaning of the proviso, and with the policy of the act. The payment and the promise to pay soon, are so far, in our opinion, from being equivalent to the special request mentioned in the proviso, that we do not think they are sufficient evidence from which to infer or presume a special request, if indeed, it be at all a proper subject for inference and presumption, 2 Peters 133. Something in argument has been urged upon the ground that this note sued upon, having fallen due after administration granted, was not ¾ case for this plea, under the act of 1789, c. 23, § 4. The same point was discussed, though not raised by the pleadings in the case of Bradford administrator of Penn, reported in 3 Yer. R. 313. The opinion of the court in that case, was, that the statute would constitute a bar, within two years after the accrual of the action, or the time when the debt fell due. In this opinion we concur.
Let the judgment be reversed and a new trial be had in the circuit court, when the law will be charged as stated in this opinion.
Judgment reversed.