# CASES

# SUPREME JUDICIAL COURT

IN THE

COUNTY OF YORK, APRIL TERM, 1837.

## MARY NOWELL *vs.* ELIHU BRAGDON.

*Mem.* — *Shepley J.*, having been of counsel in this and in the four following cases, did not sit in the hearing or determination.

A judgment against the goods and estate of a deceased *intestate in the hands* of his administrator is conclusive evidence that he was indebted, unless such judgment can be impeached on the ground of fraud, or collusion, or culpable negligence amounting to fraud, in the administrator.

An execution issued on such judgment may be legally extended on any lands of which the deceased died seised, although a partition of them among his heirs may have been made by order of a Probate Court, and although the suit in which such judgment was rendered may have been commenced after four years from the time administration was first taken out.

Where an administrator pays the debts of the intestate within four years, and dies without obtaining repayment, a suit may be maintained therefor against the administrator *de bonis non*, and the statute of limitations will be no bar.

WRIT of entry demanding a tract of land in *York.* The demandant was an heir at law of *John Nowell, sen.,* who died in 1810, intestate. Administration on his estate was committed to a son, *James Nowell,* in *July* of the same year, who died in *May,* 1820, and administration of the remaining estate of *John Nowell, sen.,* was committed to another son, *John Nowell,* in *July* of that year, who settled two administration accounts, one in 1825, and the other in 1829, but gave no credits, and all the charges were for expenses of administration and expenses of lawsuits. *Sally*

Nowell v. Bragdon.

*Nowell*, as administratrix of the estate of *James Nowell*, at the *April* term of the Supreme Judicial Court, 1826, in a suit commenced *Dec*. 23, 1823, recovered judgment against the goods and estate of said *John Nowell*, deceased, in the hands and under the administration of said *John Nowell*, the younger, for the sum of $2399,34. The declaration was on a judgment, or decree, of the Court of Probate, rendered *Feb*. 17, 1823, upon the settlement of an administration account presented by the administratrix of the estate of *James Nowell*. See *Nowell* v. *Nowell*, 2 *Greenl*. 75. An execution duly issued on the said judgment at *April* term, 1826, was, *June* 30, 1826, duly levied on a part of the real estate of which said *John Nowell*, sen. died seised. The estate so levied upon was sold by the said *Sally Nowell* under a license from Court, and the demanded premises purchased at public vendue by the tenant, *Jan*. 26, 1829, and a deed from the administratrix made to him. After the commencement of said suit, and before judgment was rendered, *Sept*. 25, 1825, the real estate of said *John Nowell*, sen. was, by authority from the Probate Court, divided among his heirs, and the premises demanded were thus assigned to the demandant. All the proceedings in the levy of the execution, the sale by the administratrix, and the division among the heirs, were in due form of law. On the assignment, the demandant entered into the possession of the demanded premises, and so continued until the levy, when the administratrix took possession and retained it until the sale to the defendant, who has retained the possession since. The verdict was for the tenant.

The case was argued in writing.

*Hayes*, for the demandant, relied principally upon the *Rev. St.* c. 52, § 26, which provides, that "No executor or administrator shall be held to answer to any suit that shall be commenced against him in that capacity, unless the same shall be commenced within the term of four years from the time of accepting that trust." This statute was made for the benefit of all interested in an estate, as well as for the convenience and safety of the executors and administrators. *Dawes J.* v. *Shed*, 15 *Mass. R.* 6. If executors and administrators suffer judgment to go against them by default in a case barred by the statute, their sureties are not bound by such judgment; nor will a promise by the administrator take a demand out of the statute. 15

*Mass. R.* 6, before cited; 13 *Mass. R.* 201. The Court will not grant license to sell real estate after four years. 15 *Mass. R.* 58 ; *Nowell* v. *Nowell,* 8 *Greenl.* 220. This is the rule, though in a few instances the rule has been departed from. And a license granted to sell real estate to pay a debt barred by the statute is void. *Heath* v. *Wells,* 5 *Pick.* 140. The creditor's claim on the real estate being extinguished, it could not revive on the appointment of an administrator *de bonis non. Thompson* v. *Brown,* 16 *Mass. R.* 172; *Heath* v. *Wells,* before cited ; 8 *Greenl.* 223, before cited. The judgment may have been rightfully recovered, and take effect so far as it relates to the personal estate, and still no valid levy could be made upon the real estate under it, situated like this, having been partitioned among the heirs. *Rev. St. ch.* 51, *sec.* 35 ; *O'Dee* v. *McCrate,* 7 *Greenl.* 467. It is the duty of the Court so to construe a statute, that it may have a reasonable effect, agreeably to the intent of the legislature. If the Court would refuse to grant a license to sell the real estate when this levy was made, the law ought not to be evaded by making a levy, instead of applying for license to sell.

*J. Shepley,* for the tenant, argued :

1. That the judgment in the case, *Sally Nowell,* administratrix of *James Nowell,* against "the goods and estate of the said *John Nowell,* in the hands and under the administration of the said *John Nowell,* the younger," was conclusive evidence of a then existing debt against the estate of *John Nowell, sen.* The record shows, that this was an adversary suit, and decided by the full Court on several questions of law, one of which was the identical one now relied on by the demandant's counsel. *Nowell* v. *Nowell, S. J. C. York, April Term,* 1826, not reported. The judgment is in full force, and not reversed, and no fraud, collusion, or negligence is pretended. This judgment is to be regarded, as correct and true upon the facts which it finds, as between all parties. It certainly binds the demandant who claims as heir of *Nowell, sen. Emerson* v. *Thompson,* 16 *Mass. R.* 429, in which the case *Thompson* v. *Brown,* cited for the demandant, is explained ; *Minot* v. *Walter,* 17 *Mass. R.* 237.

2. The execution issuing on such judgment could be rightly levied on any of the real estate of *Nowell, sen.* in the hands of any

person whatever, deriving title in any way under him, except by levy or sale for payment of debts. *Rev. St. ch.* 52, *sec.* 19, 24, being a transcript of the *Massachusetts* statute on that subject; 3 *Mass. R.* 523; 4 *Mass. R.* 150; 10 *Mass. R.* 170; 13 *Mass. R.* 162. In this case, however, the division took place during the pendency of the suit and on the application of an heir, where the creditor could not interfere, and is conclusive only among the heirs. Were the law otherwise, the provisions for the payment of the debts of intestates would be useless. 17 *Mass. R.* 91.

3. But if the consideration of the judgment can be gone into, the record of the Probate Court, on which the decree was founded, shows, that the consideration was for debts paid before the expiration of four years, excluding all payments made after that time had elapsed. The probate decree establishes both value and the legal character of the demand. *Laughton* v. *Atkins,* 1 *Pick.* 535.

4. Where the administrator pays debts, he is rightly and equitably substituted in place of the creditor, and has the same remedies. *Walker* v. *Hill,* 17 *Mass. R.* 380; *Hancock* v. *Minot,* 8 *Pick.* 29. And in such case the statute of limitations is no bar. *Nowell* v. *Nowell, S. J. C. York,* 1826, before referred to.

5. The right to take the estate on execution is a legal right; the license to sell is a mere discretionary power to be exercised or withheld at pleasure. The cases cited for the demandant are all cases of license to sell, and not of levies under a judgment of Court; and some of them show, that this power is exercised after the expiration of the four years. *Richmond, pet.* 2 *Pick.* 567.

After a continuance, for advisement, the opinion of the Court was prepared by

WESTON C. J. — The authorities, bearing upon the questions raised, have been fully presented by counsel. In several of the cases cited for the demandant, the Court speak of the lien in favor of creditors, upon the estates of deceased debtors, and the liability of such estates, as discharged and gone after the lapse of four years. This immunity is not based upon any direct or express provision of law. It results, as it is stated, from the limitation of that period in favor of executors and administrators, in suits brought against them as such, which is regarded as interposed for the bene-

fit of heirs, devisees and purchasers, and to facilitate the final settlement of estates.

In pursuance of the same policy, courts in their discretion, generally refuse to grant license to sell the real estate of persons deceased, unless application for this purpose be made as soon as may be, after the expiration of the four years. The generality of the language used by the Court, must be restricted to the ground upon which it was placed, namely the limitation of suits against executors and administrators, and the rule established by the courts, to guide their own discretion. It does not apply to cases, where the limitation could not be successfully interposed. As for instance, where the administrator had not given notice of his appointment, and that he had taken upon himself that trust, which was the case in *Emerson* v. *Thompson et al.* 16 *Mass. R.* 429. This is admitted to be an exception, directly within the statute. And if other exceptions to the operation of the statute arise, upon a fair and just construction, the lien upon the estates of persons deceased, and their liability to be taken for the payment of debts, may be extended and continued.

The same effect is produced, where the courts, for just cause, relax the rule, by which they have limited their discretion; as in the case of *Richmond, adm'r, pet'r,* 2 *Pick.* 567. There the petition was presented and license granted, two years after the limitation of four years had expired. And although his account, against the estate of the deceased, was not presented, until five years after he had taken upon himself the trust, and consisted in part of moneys paid, on account of the debts of his intestate, the statute limitation was held not to apply to the case.

The statute was pleaded in the suit, which preceded the judgment and levy, under which the tenant holds; but it was not sustained by the Court. The execution, which issued upon that judgment, did by law run against the goods and estate of the deceased. *Statute* of 1821, *ch.* 52, § 19. It was no longer under the control, or subject to the discretion of the Court. In *Emerson* v. *Thompson et al., Jackson J.* says, the Court may, for just cause, refuse to grant a license to sell the land of a person deceased, for the payment of his debts; but they cannot prevent the creditor from taking it in execution, according to the right secured to him

by statute.   And this right may be exercised, notwithstanding there may have been a division of the land, among the heirs, or a conveyance made to third persons, as has been settled by the authorities, cited for the tenant.

The judgment against the goods and estate of the deceased, must be regarded as evidence that he was indebted, unless it can be impeached on the ground of fraud or collusion, or perhaps of culpable omission or negligence in his administrator, which is of the same character.   Thus where the administrator neglected to interpose the statute limitation of four years, where it would have been a good bar, his sureties were permitted to do so, in an action against them, upon the administration bond.   *Dawes Judge* v. *Shed et al.* 15 *Mass. R.* 6.

In the case under consideration, there is no evidence of collusion or negligence in the administrator *de bonis non*, of the goods and estate of the elder *Nowell.*   It is not suggested, that any defence existed, of which he could have availed himself.   The statute limitation, upon which he relied, was overruled by this Court, sitting in full bench.

If there was no fraud or negligence in the administrator, which does not appear, we are aware of no reason why the estate of the deceased, levied upon, was not as liable to be taken, according to the precept in the execution, as in other suits.   In all such cases, the heirs at law are disinherited, by the paramount claim of the creditors, although no parties to the actions, in which these claims are established.   The administrator represents the estate, which is bound by judgments in suits defended by him, unless where he acts collusively or fraudulently.

The opinion of the Court is, upon the facts reported, that the tenant is entitled to judgment.