Tukeey, J.
delivered the opinion of the court.
This action is against Robert Seat upon an administration bond. The declaration avers that at the April term, 1834, of the circuit court of Gibson county, Robert Gilchrist, the administrator for whom the plaintiff in error was bound as security, confessed a judgment in favor of William A. Gasquet & Co. for one thousand five hundred and eighty-eight dollars and seventy cents, upon which execution was after-wards issued and returned nulla bona. To this declaration the plaintiff in error pleads, among other things, that at the time the judgment was confessed the administrator had no assets of the intestate in his hands to be administered, and that he had fully administered the estate. To these pleas there are demurrers, which were sustained by the court below and judgment given against the plaintiff in error, to reverse which he presents this writ of error.
The only question presented for the consideration of the court is, whether the confession of judgment by the administrator precludes his security, in a suit upon the administrator’s bond, from showing that at the time of the confession the administrator had fully administered the estate and had no assets in his hands. It is admitted that the judgment is conclusive against the administrator, and that he is estopped thereby from afterwards setting up either .of these defences; *472 but it is contended, and we think successfully, both upon • principle and authority, that the security is not.
It is a well settled principle of law that no One who is not a party or in the relation of a representative of a party, is estopped from inquiring into the merits of a judgment by which his rights are sought to be affected, for the plain common sense reason that he shall not be judged without being heard. And surely no one can complain of this. Is it not enough that the plaintiff has obtained a judgment by the neglect or ignorance of the parties thereto, by which they are estopped and made liable for that which they did not owe, without seeking thus to affect innocent third persons who are no parties to the proceeding? But upon authority the question is clearly with the plaintiff in error. It arose directly in the cases of Daws vs. Shed, 15 Mass. Rep. 6, and Jughart vs. The State of Maryland, 2 Gill. and Johnson, 235, where it was decided as contended for by the plaintiff in error. The same thing in"effect is also determined by the supreme court of the United States, in the case of Drummond vs. Prestman, 12 Wheaton, 515; that was a case of a guarantee of the good conduct and ultimate responsibility of one entrusted with the goods and effects of another. He confessed a j udgment, the guarantor was sued, and it was held that the judgment was only •prima facie evidence against him. Against this weight of authority not one case to. the contrary is produced. We are therefore compelled to say that a judgment against an executor or administrator is only prima facie evidence against the securities in a suit upon the administrator’s bond, and that they may make the defence of “no assets” or “fully administered.”
We therefore reverse the judgment of the court below, and proceeding to give such judgment as ought to have been given, overrule the demurrer and discharge the defendant.