## PORTLAND MANUFACTURING COMPANY vs. DANIEL FOX & al. Ex'rs.

Where an action has been referred generally to referees, by rule of Court, it is no objection to their award, if they have decided contrary to law.

And if it appear, that the referees, in making their decision, disregarded the statute of limitation respecting suits against executors and administrators, the report will nevertheless be accepted, unless the question is submitted, by the referees, to the determination of the Court.

THE action was covenant broken, on a deed of the testator, *Archelaus Lewis,* conveying certain real estate. In the Supreme Judicial Court, the action was referred by rule of Court in common form. The referees awarded, " that the plaintiffs recover against the estate of the said testator, in the hands of the defendants the sum of fifteen hundred dollars, with costs of reference. This report is, however, subject to the decision of the Court upon the question of law raised by the defendants. It appeared, that they were appointed executors in *March,* 1834, and duly gave bond and notice of their appointment as by law provided, and that this action was not commenced till *October* 30, 1838. The defendants contended, that as at law they were not bound to answer to any suit commenced against them after the lapse of four years next after the time of their appointment, it was not competent for us, as referees in this case, to proceed further. But we ruled, that we were not, on this ground, precluded from hearing the plaintiffs on the merits of their claim ; and determined, that if they should appear to be well grounded therein upon principles of equity, the award should be made in their favor. If in our decision in this particular we erred, we award that the defendants recover of the plaintiffs their costs of reference." The report was returned into Court when holden by SHEPLEY J., who ordered the report to be accepted, unless it should be the opinion of the full Court that the same ought not to be accepted because the referees have decided to allow the claim contrary to law. To this ruling of the Judge the defendants excepted.

*Longfellow, Sen.* and *Longfellow, Jr.,* for the defendants, contended, that the *st.* 1821, *c.* 52, § 26, was a complete bar to the

action; that it was the duty of an executor or administrator to oppose the statute against all claims barred by it; that the promise of the executor, to pay the debt, would not bind the estate, as the statute was made for the benefit of heirs, as well as executors and administrators; and that no license could be obtained to sell real estate for the payment of such claim. *Brown* v. *Anderson*, 13 *Mass. R.* 201; *Parsons* v. *Mills*, 1 *Mass. R.* 431; *Same parties*, 2 *Mass. R.* 80; *Ex parte Allen*, 15 *Mass. R.* 58; *Thompson* v. *Brown*, 16 *Mass. R.* 172; *Emerson* v. *Thompson*, *ib.* 429; *Scott* v. *Hancock*, 13 *Mass. R.* 162; *Dawes* v. *Shed*, 15 *Mass. R.* 6.

The whole law on the subject before the referees, was submitted for the revision of the Court. But if they did not so intend it, the referees exceeded their jurisdiction in doing away the provisions of the statute, and for that cause, the report should not be accepted.

*W. P. Fessenden*, for the plaintiffs, contended, that the only question, submitted by the referees to the opinion of the Court, was, whether they had power to decide in favor of the plaintiffs, if justice required it, and not whether they did right in so doing.

It is a general and unlimited rule, that executors and administrators have a right to enter into a rule of reference to bind the estate. *Coffin* v. *Cottle*, 4 *Pick.* 454. Referees have power to decide both law and fact, and their decision is final, unless they specially refer a question of law for the decision of the Court. *Coffin* v. *Cottle*, before cited; *Forseth* v. *Shaw*, 10 *Mass. R.* 253; *Bigelow* v. *Newell*, 10 *Pick.* 354; *North Yarmouth* v. *Cumberland*, 6 *Greenl.* 21; *Parsons* v. *Hall*, 3 *Greenl.* 60; *Bacon* v. *Crandon*, 15 *Pick.* 79.

When the administrators, or executors, have conducted themselves properly, the Court will grant license to sell real estate, if necessary. *Richmond, Pet'r*, 2 *Pick.* 567; *Nowell* v. *Bragdon*, 2 *Shepl.* 320.

The opinion of the Court was drawn up by

SHEPLEY J. — The referees selected by the parties, have submitted, on their report, a question of law. It becomes necessary first to determine, what question they intended to submit. It is contended for the defendants, that they intended to submit, whether the statute, *c.* 52, § 26, was a legal bar to the action. Upon

examining the report, it will be perceived, that the referees do not question, that the provisions of the statute are a legal bar, but they determined, that they were not necessarily bound to decide upon the rights of the parties according to the statute provisions. And the question, whether they had the right and power to decide contrary to the statute provisions, is clearly the only one submitted by them to this Court. They allow the defendants to submit to this Court, the question, which they made before them, whether referees selected by the parties, and to whom the whole matter in contest, including fact and law, is submitted without limitation, are bound to decide upon the rights of the parties, according to law; or whether they may decide according to their own sense of what is equitable and just.

Although there may be found cases difficult to reconcile, it is believed, that most of the *English* cases proceed upon the principle, that the parties are supposed to intend, that referees should decide according to law, unless it appears, that the law was intended to be submitted. When therefore there is a general reference of the whole matter, including law and fact, the award will be set aside for an erroneous decision of the law, if such erroneous decision appear on the face of the award, but will not be set aside unless it does so appear. 9 *Moore,* 666. Whenever it does appear that the law was intended to be submitted, the parties are left to the decision of the judges of their own selection. *Chase* v. *Westmore,* 13 *East,* 357 ; *Ching* v. *Ching,* 6 *Ves.* 282.

As the law has been administered in *New York, Massachusetts, New Hampshire,* and *Maine,* when the whole matter, including law and fact, is referred without restriction, it is supposed to be the intention of the parties, that the referees should decide the law as well as the fact, it having been as fully submitted to them. And the Courts have permitted this intention and their decisions to prevail ; and have held, that it is no objection to such an award, that the referees have decided contrary to law. *Jackson* v. *Ambler,* 14 *Johns. R.* 96 ; *Jones* v. *Boston Mill Corporation,* 6 *Pick.* 148 ; *Greenough* v. *Rolfe,* 4 *N. H. Rep.* 357 ; *North Yarmouth* v. *Cumberland,* 6 *Greenl.* 21.

It is said, that if a judgment be rendered against the executors in this case, that they will not be enabled to protect themselves,

by obtaining a license to sell real estate, in case of a deficiency in the personal estate to satisfy it.

The rules, which the Courts have prescribed to themselves in this matter, were examined in the case of *Nowell* v. *Bragdon*, 14 *Maine Rep.* 320, and according to the principles there stated, the executors may be protected.

*Exceptions overruled and report accepted.*