### ROBERT H. STUDLEY *vs.* CYRUS JOSSELYN & others.

The condition of a bond given by persons interested in the estate of a deceased person, to the administrator, for the purpose of preventing the granting of a license for the sale of real estate for the payment of debts, under Rev. Sts. c. 71, § 9, 'is not broken until it has been ascertained, by an account settled in the probate court, that debts have been found due from the estate, and that the goods, chattels, rights and credits of the deceased are insufficient therefor.

CONTRACT brought by the administrator *de bonis non* of the estate of Thomas M. Bates, deceased, upon a bond given to Albert White, the former administrator, for the purpose of preventing the granting of a license to him, upon his petition, to sell real estate for the payment of debts, under Rev. Sts. *c.* 71, § 9.

At the trial in the superior court, before *Russell,* J., it appeared that White presented to the probate court a petition for license to sell real estate of the deceased, sufficient to raise the sum of $540.69, to pay debts and charges of administration; whereupon the defendants executed the bond. Judgments were afterwards recovered against White, as administrator, and executions issued thereon for the amount, in all, of $594.41. The defendants failed to pay the debts so found due, and the bond was put in suit. No account was rendered by Albert White, and none has been rendered by the plaintiff.

Upon these facts, the judge ruled that the action could not be maintained, and ordered judgment for the defendants. The plaintiff alleged exceptions.

*P. Simmons,* for the plaintiff.

*B. W. Harris,* for the defendants.

METCALF, J. The bond in suit was executed conformably to the provision of the Rev. Sts. *c.* 71, § 9, (reënacted in Gen. Sts. *c.* 102, § 9,) for the purpose of preventing the grant of a license, by the probate court, to sell real estate for the payment of a deceased intestate's debts, on a petition of his administrator for such license. The condition of the bond is also such as the statute prescribed, namely, " to pay all the debts mentioned in

said petition, that shall eventually be found due from the estate, with the charges of administering the same, so far as the goods and chattels, rights and credits of the deceased shall be insufficient therefor." It is for a breach of this condition that the present action is brought. But the court are of opinion that no breach is shown, and therefore that the action cannot be maintained.

In the first place, no debt has been eventually found due from the deceased's estate, within the legal meaning of the condition of the bond. The bond was made in the course of an administration of an estate in the probate court, and is to be construed accordingly. It authorizes no departure from the manner of administration prescribed by law in other cases, except the saving of the deceased's real estate from sale for the payment of his debts — debts charged in the administrator's account of his administration, rendered on oath, and its allowance decreed by the judge of probate. Until this is done, a debt is not eventually found due from the estate of a deceased person, so as to require or permit his property to be applied to the payment thereof, instead of being distributed among those to whom the law assigns it. A debt of a deceased person is not eventually found due, even by a judgment, in a court of law, against his administrator in a suit brought to recover it. Such a judgment may be obtained fraudulently, by collusion with the administrator, or it may be obtained by his default in not interposing a legal defence to the suit, which he might have successfully made. If proved to have been so obtained, it will not be allowed in his account of administration presented to the judge of probate; and the assets of the deceased will not be applied to the payment of it. *Dickinson* v. *Arms,* 8 Pick. 396. *Grinnell* v. *Baxter,* 17 Pick. 383. *Dawes* v. *Shed,* 15 Mass. 6, 10. *Ex parte Allen,* 15 Mass. 62. See further *Heath* v. *Wells,* 5 Pick. 140; *Thayer* v. *Hollis,* 3 Met. 369.

But if this were not so, and if the judgments recovered against the plaintiff, as administrator, were held to be eventual findings of debts due from the estate of the deceased, yet, in the second place, there is no legal proof that the deceased's personal assets

are insufficient to pay those debts. That fact, like the existence of debts and the amount thereof, is to be shown by the administrator's account, rendered on oath, and allowed by the probate court.

And in the third place, no charges of administering the estate have been allowed or presented for allowance in an account of the plaintiff's administration.

It was justly said by the defendants' counsel, that the superior court, in which this action was brought, could not determine the amount of a judgment for the plaintiff, without exercising powers which belong exclusively to a court of probate.

*Judgment for the defendants*