Bourne v. Todd.

---

EDWARD E. BOURNE, Judge of Probate, *vs.* ABBY M. TODD *et als.*

*Right of sureties to show their principal had ceased to be administrator.*

In an action upon an administration bond, under R. S., c. 72, § 9, a judgment against the administrator in favor of the creditor of the intestate for whose benefit this suit is brought does not estop the sureties from showing that, prior to the commencement of the action in which such judgment was recovered, the administrator's authority had become extinguished.

When the plaintiff relies upon such a judgment, with a demand and refusal to pay, or to show property to pay the execution, and a return of *nulla bona* thereon, proof that the administrator's authority had become extinguished before the creditor brought his original suit will defeat the action upon the bond.

Bourne v. Todd.

On report.

Debt, brought in the name of the judge of probate for this county, for the benefit of Mark F. Wentworth, upon a bond given by the defendants for the faithful performance by Abby M. Todd of her official duties as administratrix of the estate of the late Nathaniel Todd, deceased. The bond was dated August 6, 1867, the day upon which she became administratrix.

In January, 1872, Dr. Wentworth recovered judgment against Mrs. Todd, as such administratrix, upon an account annexed for medical services rendered the deceased, upon which an execution issued January 16, 1872, for $100 debt and $8.58 costs. The officer to whom this execution was delivered for collection made return thereof, on the thirtieth day of January, 1872, that he had demanded payment of it of the defendant (Mrs. Todd) who refused to pay it, or to show personal property of her intestate wherewith to satisfy it, and so he returned it wholly unsatisfied. This action was thereupon instituted, February 24, 1872, upon the administration bond. The defendants offered to prove that the estate of Nathaniel Todd was represented insolvent, and commissioners were appointed, who duly reported the claims presented to them; that no citation issued to her, and no decree was passed in probate court, concerning this estate, after the acceptance of their report; that said Abby M. Todd was married February 16, 1870, to Henry Manson. The plaintiff objected to this evidence as incompetent, and claimed that the defendants were estopped to set it up. If admissible, notwithstanding the objection, and it constituted a defence, the plaintiff was to be nonsuit; otherwise he was to have judgment for the penal sum of the bond, and execution for the amount he was entitled to recover.

*Goodwin & Lunt*, for the plaintiff.

Insolvency is no defence here; it could only avail the administratrix by being pleaded in the original suit. *Thompson* v. *Dyer*, 55 Maine, 99. Nor can the alleged marriage be pleaded in defence now. Mrs. Todd was sued by Dr. Wentworth as admin-

Bourne *v.* Todd.

istratrix. The allegation that she was administratrix was a substantial and material one, which she is estopped by the record to deny. The fact of marriage, as terminating her authority, was a traversable one, which it was competent for Dr. Wentworth to deny, and disprove by showing that no marriage was attempted, or that it was illegal.

If then Mrs. Todd, the principal in the administration bond, is estopped to set up the fact of her marriage, her sureties, by the privity existing between them and her, are equally estopped by the same judgment. *Dickinson* v. *Bean*, 11 Maine, 50; *Woodbury* v. *Hammond*, 54 Maine, 340; *Heard* v. *Lodge*, 20 Pick., 53.

There was a breach of the bond by the failure to account within one year after taking administration, and again by the failure to account within six months after the commissioners filed their report. *Dickinson* v. *Bean*, 11 Maine, 50.

The defendants' argument proceeds almost entirely upon the assumption that the marriage is a fact proved in the case, whereas we say that if a fact at all, it is one out of this case, and that cannot affect its determination. Nor do their citations refer us to any decision supporting their theory, that this judgment is void, by reason of the marriage. In *Morse* v. *Toppan*, 3 Gray, 411, the fact of coverture was admitted, instead of proof of it being objected to. *Loring* v. *Folger*, 7 Gray, 505, does not apply. There is no analogy between our judgment and one rendered against a person in his grave. Even if a *feme covert*, the principal on this bond still survives to avail herself of her day in court; to sue and be sued, plead and be impleaded. If she would have the benefit of coverture she must plead it. 1 Chitty on Pleading, 449, 479, &c.; 4 T. R., 631, and books *passim*. Not having seasonably put in such plea, is she now entitled to the same advantage as if she had done so? Even one never administrator must so state upon the record to protect himself from a valid judgment, if sued in that capacity.

*Dawes* v. *Shed*, 15 Mass., 6, is distinguishable from this; in that the statute of limitations was a bar. This statute was a mat-

ter of law equally known to both parties; Mrs. Todd's coverture (if she had remarried) was a fact known to her and not to the plaintiff.

The other defendants are her sureties, and must be equally liable with her, since by the legal import of their obligation they undertake to make good and effectual the liability of their principal.

*Dane & Bourne,* for the defendants.

Only those "personally interested" in an estate—and whose interest has been specifically ascertained by a decree or judgment —can maintain a suit in the name of a judge of probate, upon an administration bond to him, without his special authority. R. S., c. 72, §§ 9 and 15. It is only where an "estate is not insolvent, or the claim is one not affected by insolvency" that a judgment creditor can sue without special license. R. S., c. 72, § 12. Here, the estate was insolvent, and the creditor has obtained no valid judgment "against the administratrix" of it. The commissioners of insolvency made their report in February, 1870, and Mrs. Todd afterwards, on the sixteenth day of the same month, was re-married. Dr. Wentworth's claim, not being a preferred one, was extinguished and barred by the failure to present it; yet nearly two years after her second marriage, Mrs. Todd is sued upon it as administratrix, in the Biddeford municipal court, and judgment recovered upon it by default.

R. S., c. 64, §§ 21 and 22, speaking of administrators who have been removed, or who have resigned, either directly or by incapacitating themselves by marriage, says they are to be considered "as dead," so far as the further duties of their trusts are concerned. This judgment, then, is analogous to one against a dead person, which is absolutely void. *Loring* v. *Folger*, 7 Gray, 505. So a judgment against a *feme covert* is void. *Morse* v. *Toppan*, 3 Gray, 411.

It is not merely liable to be reversed; it is void; and there is no necessity to reverse a void judgment. *Laflin* v. *Field*, 6 Metc., 287; *Boynton* v. *Foster*, 7 Metc., 415, 416.

She is not estopped by the judgment, because the suit was not against her individually, but solely as administratrix. In the only capacity in which she was called upon to appear, to represent the estate, she could not appear; because, as administratrix, she had long before ceased to exist, and her right to defend in behalf of the estate had terminated. There could be no admission by estoppel, because there was no party defendant. The very principle, upon which the doctrine of estoppel is based, negatives the idea that it can be applied to a person under a disability.

If the defendant had been physically dead when Dr. Wentworth recovered his judgment, could it not have been shown in a suit upon the judgment? Her marriage is as much a matter outside the record as her death would have been. Both, of necessity, must be proved *aliunde*. And as she was legally dead to her official relations, and could not appear to defend the estate, we are not now estopped to prove the insolvency. In this respect the case differs from that of *Thompson* v. *Dyer*, 55 Maine, 99, where the suit was brought against the debtor, who died during its pendency, and his administrator (duly qualified) appeared in defence, but did not suggest insolvency.

At all events, the sureties are not estopped, since they are responsible only that the official duties of the principal shall be discharged faithfully, so long as he holds that trust, and not after the term of office has expired. No act or plea of hers—*a fortiori*, no omission or failure to plead—after the termination of her official relations by marriage, can estop or affect these sureties, who were not parties to the record in the former suit. *Dawes* v. *Shed*, 15 Mass., 6, is directly in point; approved in *Heard* v. *Lodge*, 20 Pick., 53, cited by the plaintiff.

In the present action the plaintiff cannot set up the failure to account. This is a matter in which all the creditors are interested, and suit for that cause can only be instituted by special authority. *Barton* v. *White*, 21 Pick., 58.

VIRGIN, J. Debt on an administration bond executed by Abby M. Todd, as principal, and by the other defendants, as sureties.

The plaintiff in interest makes out a *prima facie* case by the production of a judgment in his favor against the said Abby M. Todd, as administratrix, together with the execution and officer's return thereon. R. S., c. 72, §§ 9 and 12; *Thurlough* v. *Kendall*, 62 Maine, 166.

In defence, the sureties offer to prove that on February 16, 1870, the said administratrix was again married, whereupon, by the express provisions of ¯R. S., c. 64, § 22, her official authority was "thereby extinguished;" and that the action on which the judgment produced was recovered was not commenced until January 3, 1872—nearly two years after she had ceased to be administratrix. The evidence offered is to be considered as true. If admissible against the seasonable objection of the plaintiff, and the fact thereby proved will constitute a sufficient defence, then, by the terms of the report, "the plaintiff is to become nonsuit."

Before a creditor of an estate can maintain an action under R. S., c. 72, § 9, for the recovery of his claim, he "must first have its amount ascertained by judgment of law against the administrator." § 12. Such a judgment, recovered without fraud or collusion, is conclusive upon the sureties in the administration bond, in respect to all matters of defence affecting the "amount due" on the claim. *Heard* v. *Lodge*, 20 Pick., 53. The effect of such judgment upon the sureties would seem to be based upon the ground that their stipulations in the bond, taken in connection with the provisions of §§ 9 and 12, render them responsible that their principal will pay—"or show personal estate of the deceased for that purpose"— any creditor's debt against the estate on demand, after the "amount due has been ascertained by a judgment against him in his official capacity." Neither a judgment against the intestate, nor any other evidence of indebtment of the estate will suffice, for there may be nothing due on them. A judgment of law "against the administrator" is the only statute mode of ascertaining the amount due from the estate; and when that fact has been judicially determined "against the administrator," the sureties are estopped to controvert it, being privies in contract to that determination.

Bourne *v.* Todd.

Therefore a judgment against one not the administrator, but who had long before its recovery ceased to be such, can have no such effect. So long as their principal continues in his official capacity, the sureties are bound to respond for such of his official derelictions as come within the true interpretation of their obligation; but when his "authority" is "extinguished," his power to bind his sureties is thereby extinguished also.

If the principal defendant had been removed by a decree of the judge of probate instead of by marriage, would this judgment conclude the sureties from showing the facts, and thus prove that the judgment was not "against the administrator," and hence not such as is recognized by the statute? If it would, how long after such removal can creditors of an estate continue to thus conclusively fix the liability of sureties, who cannot plead such matter in defence to such actions, not being parties thereto and having no notice of the pendency thereof, and who have not stipulated that their principal should appear and plead to suits brought against her in her representative capacity years after it had become extinguished.

In Massachusetts before the separation, it was held in an action on an administrator's bond that "if an administrator suffers judgment to be recovered against him in an action barred by the statutes limiting suits against executors and administrators, his sureties in his bond are not bound by such judgment, but they may have the benefit of the statute in an action against them on the bond." *Dawes* v. *Shed,* 15 Mass., 6. This decision has never been questioned by the court who made it, that we are aware of, but on the other hand it was cited with special approbation in *Heard* v. *Lodge,* 20 Pick., 53; and, in support of the principle that an administrator cannot waive the special limitation bar, in *Wells* v. *Child,* 12 Allen, 336.. Although the action forming the basis of the judgment before us was not commenced within the special limitation period, still that question, not being within the terms of the report, is not before us; and we have no occasion to express any opinion in relation to these decisions so far as they bear upon

the limitation question. But if *Dawes* v. *Shed*, and *Heard* v. *Lodge*, are sound as to the effect of the judgment upon the sureties, they must be deemed authorities having some bearing upon this case.

The question of the admissibility of the evidence offered is not affected by any pleadings in the case ; so if admissible under any appropriate pleadings we must give judgment to the defendants. And we are of the opinion that it is admissible. For if to the plea of general performance, the plaintiff had replied, substantially, the recovery of the judgment, demand, refusal and return of *nulla bona*, and the defendants had rejoined the extinguishment of the administratrix' authority, we think the rejoinder would constitute a good answer to the replication so far as the sureties are concerned, and the evidence offered admissible and would sustain it. If sustained, then the effect of the judgment as evidence of the breach of the bond would be annulled, and this action would fail.

As the action is brought under the provisions of § 9, the other breaches suggested in the plaintiff's brief need not be considered.

*Plaintiff nonsuit.*

Appleton, C. J., Walton, Dickerson, Barrows and Peters, JJ., concurred.