Paricer, J.
This is a proceeding in error brought to obtain a reversal . of the judgment of the court of common pleas.
The action below was brought by Fannie Leggett and •Louisa H. Frybarger against the plaintiff in error here on a promissory note which reads as follows:
“$800.00 Norwalk, Ohio, Aug., 16, 1880.
“One year after date we promise to pay to the order of Mrs. Emily Baker eight hundred dollars at First National Bank '.Value received with interest at eight per cent, per annum.
“D. A. Baker, Jr.
“W. G. Baker,
“D. A. Baker, Security.”
Fannie Leggett, one of the plaintiffs below, having died ■.while the action was pending, Carrie Needham was substituted as administratrix of her estate. L. W. Wickham, as administrator de bonis'non, was made a party defendant be- • -cause he represents the estate of D. A. Baker, deceased, D. . A.. Baker being one of the makers and a surety upon the note. Mr. Crouse was made a party defendant because he had acquired from one of the heirs of D. A. Baker a part of the land .of which D. A. Baker died seized. An effort was being made by L. W. Wickham, as administrator, to enforce the payment • of this note and to that end he sought to obtain a fund by bringing to sale the land purchased by Crouse. Crouse gave ■ an undertaking as provided by section 6098, Revised Statutes, whereupon Wickham, as administrator, rejected the claim and ; therefore an action was brought in pursuance of that statute .-and Crouse was joined as a defendant.
The history of the transactions leading up to the beginning ■ of this suit should be stated.
It appears that D A. Baker, Senior, died on March 16, 1882. His will was admitted to probate on March 20, 1882. "The persons nominated in the will qualified as executors and gave notice of their appointment in the Norwalk Chronicle, of the issues cf March 23, 30 and April 6, 1882. These persons were D. A. Baker, Jr., W. G. Baker, George E. Baker and .’Frederick Baker, who were the sons of D. A. Baker, Sr. Tt *317 appears that these executors made their final settlement of the estate, on March 29, 1883, and at this time they had on hand for distribution nearly twelve thousand dollars, which was afterwards duty distributed. Being advised, and believing that notice of the appointment of the executors had never been published as required by law, and that, therefore, the rights of these creditors had not been barred, Mr. Wickham permitted himself to be made administrator de bonis non and allowed the claim, but it afterward transpired that the notice-had in fact been published. Mr. Wickham was not appointed administrator de bonis non with the will annexed until January 23, 1895. The note sued on, which I have read, was dated August 16, 1880, and was due one year after date. D. A. Baker, Jr., and W. G. Baker, two of the executors of the will of D. A. Baker, Sr., are principals on the note, D. A. Baker, Sr., being, as I have before stated, a surety.
It appears from the petition, which sets forth a copy of the note and the endorsements upon it, that -the interest upon this note was paid year by year from the time it was given until October 16, 1893, when $50.00 interest was paid, but no part of the principal had been paid.
It does not appear that the note was ever presented for allowance to the executors of the estate or that it was ever formally allowed by them; and these payments of interest do not appear to have been made bj any of the executors as such, or out of the funds of the estate, but they appear to have been-paid by the two persons who were executors, and at the same time were the principal makers of this note, out of their own-funds and on their own personal accounts.
On January 31, 1895, E. W. Wickham, as administrator de bonis non, endorsed upon this note or upon the claim, an allowance of the claim against the estate of D. A. Baker, Sr; Mr. Crouse became owner of a part of the original estate of D. A. Baker, Sr., in December, 1888, by conveyance from George E. Baker, to whom this part had been, set off in partition proceedings. This claim was disallowed and rejected by-Mr. Wickham, as administrator de bonis non, in pursuance of and in compliance with this requisition on June 15, 1898. Plaint *318 iifs were only duly notified of this action by Mr. Wickham, and filed their petition upon the note on December 3, 1898, but 'with the petition no praecipe for summons was filed, and no summons was ever issued upon the petition, but ¡a praecipe was filed on March 29, 1899, -asking for summons to be issued for ’ the defendant Crouse, directed to the sheriff of Summit county, and this summons appears to have been duly issued and to have been served upon Crouse on March 30, 1899. No praecipe was ever filed for summons to be issued for Wickjiam, as administrator, and he does not -appear to have formally entered his appearance.
. Whether he by his conduct subsequently entered his appearanee, is one of the questions in dispute in the case.
, Within three days after judgment was rendered by the ■court in favor of the plaintiffs on this note, Crouse filed a motion for a new trial on various grounds, and at the same time filed a motion to set aside and vacate the judgment for. the reason that Wickham, as administrator de bonis non, had nov been made a party to the action; and on the same day that these motions were filed Wickham, as administrator de bonis ■non, on his own motion and without any consultation or agreement with Mr. Crouse about the matter, filed a motion for a new trial setting forth therein substantially the same grounds as those contained in the motion of Mr. Crouse.
It is contended on behalf of the plaintiffs in error, that this claim was barred by various statutes of limitation and that therefore the judgment of the court below is wrong and should be reversed.
The statutes relied upon are, first, section 4980, Revised '.Statutes, which provides a limitation of fifteen years upon wriiten contracts. Section 6113, Revised Statutes, which, at the time this cause of action accrued, provided a limitation of four years as to actions against administrators (this has subsequently been changed to two years) and section 6098, Revised Statutes, to which I have already referred, which provides that after a claim has been rejected upon requisition of -an heir or a creditor, the claimant shall be required to bring .an action within six months of the time of such rejection.
It is contended on behalf of the defendant in error that the *319 last mentioned statute of limitations is not well or sufficiently pleaded, and that therefore it had not been effectively interposed and cannot be taken into account under these pleadings.
The answer of Mr. Crouse contains this paragraph: “And this defendant further says that if there ever was anything due from the said Daniel A. Baker, Sr., to any one upon said note, the right of recovery has been long since barred, as against said Daniel A. Baker, Sr.”
All of the facts of this transaction, or substantially all that I have recited, had been set forth either in the petition, or in the answer preceding this paragraph, so that they will all appear in the pleadings with their dates.
In Jones v. Jones, 41 Ohio St., 417, section 6098, Revised Statutes, was pleaded, and this is said of the method in which it was pleaded and of its sufficiency: “.Where an executor pleaded as one defense, failure to sue within six months after presentation and rejection of the claim, and also as a separate defense, that the claims were ‘not sued upon within the time allowed by law and were therefore barred/ having preceded said averment by a statement of facts showing the lapse of four years before suit, and evidence,was before the jury tending to support the four years’ bar, it was error for the court to charge that the answer applied only to the bars of six months and six years.” '
In the course of the opinion, Granger, Chief Justice, says, on page 421: “But it is urged that the first defense as stated presented no fact; that it averred nothing but matter of law.. If this was so, the court did not err in treating it as no defense.”
“The answer begins with a statement of the appointment and qualification of the executor on the 20th day of August, 1872, under a will admitted to probate on that day; that the executor advertised his appointment, settled the estate, paid its debts, and on May 24, 1873, filed his final account, which was duly advertised according to law. This preliminary statement should be treated as part and parcel of each of the defenses that follow it, so far as they are relevant thereto. The petition had stated that the claims had been presented to the executor on June 22, 1876. It was unnecessary for the defendant to re-state any facts set up in the petition. Hence, *320 taking that date furnished by the petition, the preliminary general statement in the answer, and three lines specially designated, ‘first cause of defense’ together, we have the following defense, to-wit: The qualification of the defendant as executor was completed on August 20, 1872; the plaintiff’s claims were such that he could have called for their allowance as due at any time after said date; he never presented them until June 22, 1876; he never sued upon them until October 6, 1876; and ‘the same were not presented for allowance, or sued upon within the time allowed by law, and are therefore barred.’ It is true, a shorter statement would have been sufficient. Instead of. giving dates that showed the lapse of more than four years, the pleader might have written that, ‘the action was not commenced within four years from the time,’ etc.
“Possibly the statement of the appointment ‘in pursuance of the provisions of said will may be so indefinite, that a motion to make the first defense definite and certain, ought to have been sustained if made. But no such motion was made. The trial proceeded as if the defense was sufficient until the charge-of the court in effect struck it from the answer.”
That was held to be sufficient, and we think the pleadings, set forth the matter as fully and as distinctly in this case as they did in that. There is a good deal of authority to the effect that these special statutes governing administration need not be specially pleaded; but even if this limitation is required to be pleaded, as in the case of an ordinary statute of limitation, we think Jones v. Jones, supra, affords sufficient authority for raying that it was well pleaded.
I have pointed out that after this claim was disallowed b, the administrator de bonis non, no action was commenced until some nine months and ten days thereafter, the provision of the law being that an action is begun by filing a petition and causing summons to be issued, and as I have said, it is contended that the claim is barred by section. 6098, Revised Statutes, which provides that after a claim is disallowed and rejected by the administrator or executor, the holder of such a claim shall be required within six months after such rejection of such claim to bring his action against such administrator or executor to enforce his claim-.
*321 The preceding section also provides that if claims are rejected by an administrator or executor, an action shall be begun thereon within six months, and provides specifically and in plain and distinct language, that unless action is begun within six months, plaintiff shall be barred. The statute, section 6097, Revised Statutes, reads: “The claimant shall, within six months after such dispute or rejection if the debt, or any part thereof, be then due, or within six months after some part thereof shall have become due, commence a suit for the recovery thereof, or be forever barred from maintaining any action thereon.”
It is conceded on behalf of the defendant in error, that, under that section of the statute, a claim will be so fully and perfectly barred after the expiration of six months without suit being bi ought, that it cannot be revived or re-vitalized. There is a decision upon that section by the circuit court of the third circuit, in Pollock v. Pollock, 2 Ohio C. C., 143, in which the matter is discussed at some length, and it is held that a failure of the executor of the estate to plead in bar such statute does n'4 give a right to a judgment on a claim barred thereby; that a judgment is not valid even though the bar of the statute is not interposed as a defense.
We are of the opinion that these statutes being in pari materia, relating to substantially the same matter, should be read together and receive the same construction; that there is no reason for holding or providing that there shall be an absolute bar in one case that does not apply fully to the other case. Although the legislature has no't repeated the words respecting the bar in section 6098, Revised Statutes, that are contained in section 6097, Revised Statutes, we think that nevertheless the two sections should receive the same construction and that therefore the claim was barred under section 6098, Revised Statutes.
I also cite,’ without taking time to read from it or to comment upon it, Harter v. Taggart, 14 Ohio St., at page 122. I .may say in passing, that we are of the opinion that the claim is not. barred under section 4980, Revised Statutes; that if nothing else would keep it alive the allowance by the administrator de bonis non, made before the fifteen years had expired, *322 would have had effect. There is no apparent reason why the payment made by the co-makers of the note would not keep it alive, but we have not examined that question.
It is contended that the claim is also barred by section 61x3, Revised Statutes, which provides that: “No executor or administrator, after having given notice of his appointment, as provided in this chapter, shall be held to answer to the suit of any creditor of the deceased, unless it be commenced within four years from the time of his giving bond as aforesaid,excepting in ihe case hereinafter mentioned.”
This section was amended in 1896 by making the limitation two years; theretofore it was four years and the statute applicable to the case at bar contained a limitation of four years. There are exceptions in favor of claims that do not accrue until after the expiration of two years, with respect to which further time is given, and where additional assets come into the hands of an administrator after the expiration of two years. Neither of the exceptions apply or obtain here. More than four years having expired .after the publication of notice of the appointment of the executors and after their qualification, it is apparent that the claim was barred under this section as well as under section 6098; but it is contended that the allowance of the claim by the administrator de bonis non, served to revive it so as to take it out from the operation of this section. Many authorities are called to our attention, to the effect that an administrator may waive the general statute of limitations, but therq aré many other authorities pointing out a distinction between general statutes of limitation and statutes with respect to actions against administrators and executors, and holding that the latter cannot be waived.
It appears that our statute upon the subject, at least section 6x13, Revised Statutes, is copied substantially from the statutes of Massachussets and New Jersey. In the Favorite v. Booher, 17 Ohio St., at page 548, our supreme court indicates that the construction that had been put upon the Massachusetts statute by the courts of that state before its adoption by our. legislature, should be put upon our statutes, by our courts.
Judge White, in commenting upon the statute, says:
“The section in question is a transcript of one of the sec *323 tions of the Massachusetts statutes and is as follows: * * *
“In this section, the term ‘creditor’ is used in a generic sense, and includes all persons having rights in action against the -decedent. The section is founded on reasons of public policy; and its object is to promote the early and final settlement of estates, and to enable distribution to be made of the residuum among those entitled, freed from charges and incumbrances.
“Prior to our adoption of this statute it had received a construction in Massachusetts, by which it was held to include this class of liabilities . and this construction has ever since been adhered to in that state.”
Judge White says further: “It is reasonable to suppose that the legislature, in adopting this provision, did so in view of the construction which had been put upon it, and with the intention that it should, receive the. same construction here. This construction being warranted by the language as well as required by the policy of the statute, ought, we think, to be adopted by us. Angell on Lim., section 170.
•“Nor will the fact that the creditor is under the disability of infancy save him from the operation of the bar which the statute interposes.
“The general rule, in regard to the application of statutes of limitations is, that all persons, whether under disability or not, are barred bv them, unless excepted from their operation by a saving clause. General words of a statute are to receive a general construction, and unless there is founded in the statute itself some ground for restraining it, it cannot be restrained.
“The same principle of public policy that requires the statute to embrace all subjects of demand, also requires that it •should be held to embrace all classes of creditors.”
See also Gilbert v. Little, 2 Ohio St., 156.
A fuller discussion of the principles involved is found in Pulliam v. Pulliam, 30 Fed. Rep., 53, at pages 74, 75 and 76.
The circumstances of this case, as related, are that Mr. Crouse in good faith, some ten or fifteen years after this estate was settled up, and distribution made, purchased a part of the land'from one of the heirs. It is said that he took it for -a' *324 pre-existing debt, but we cannot say that that changes his legal right or status here. We think the purpose of this statute, and of statutes of this character is to fix the status of the estate and property of decedents so that persons may buy it and deal with respect to it freely and safely. That after claims are barred under such statutes, it should not be possible to revive them so as to sweep away property of others acquired from the heirs or estate. Great frauds and wrongs might be easily accomplished if the allowance of barred claims were to be given the effect contended for by defendants in error. We think the purpose of this statute is to make impossible the results sought bv defendants in error here.
I cite also Miner v. Aylesworth, 18 Fed. Rep., 189; 3 Williams on Executors, page 1803; Angell on Limitations, section 170; Dawes v. Shedd, 15 Mass., 6, 7; Allen, Ex parte, 15 Mass., 58, 60. We cite some of these authorities from brief •of counsel without having had an opportunity to examine them.
The contrary, i. e., the construction contended for by defendant in error, was held by Judge Sayler of the court of common pleas in Hamilton county. His opinion will be found reported in Joyce v. Hart, 27 Weekly Law Bulletin, 144. While he is a very able lawyer and judge for whose opinion we have the greatest respect, we are not satisfied with his reasoning or conclusions and upon this matter we are not inclined to follow him.
Il: is urged by defendant in error that under the authority of Stewart, Adm’x., v. McLaughlin, Adm’x., 47 Ohio St., at page 555, we should hold that the four years did not begin to run until after the time of the disallowance of this claim by the administrator de bonis non in pursuance of this requisition
We are not sure that we understand that per curiam. It is very brief, but we are satisfied that it should not be applied to a case like this. It must have been a case different from this. We can understand why, if a claim has been allowed by an administrator before it has become barred by the four years’ limitation, and is allowed to run along without question until after the expiration of the four years, and then, up'-'n requisition, it is disallowed, that it would be inequitable *325 and unfair to intérpose the four years’ bar as a defense. We think that in such a case the six months limitation should obtain even though it might carry the period far beyond four years from the time of the qualification of the administrator or executor. But in the case at bar, the claim had become barred by the four years’ limitation before the allowance by the administrator, and we hold therefore that the allowance by him was a nullity; that it could not- revive the claim, and that the .case of Stewart Adm'r v. McLaughlin, Adm'r., supra, should not be applied. That per curiam must have been based upon a, different state of facts.
A. M. Beatie, for Plaintiff in Error.
C. P. Wickham, for Defendant in Error.
It is said in that case that where a claim is presented by a creditor to the administrator of an estate, and is allowed, and is afterwards disallowed and rejected by a successor of the one that allowed it, the four years’ statute of limitation provided by section 6113, Revised Statutes, begins to run, in such case, only from the time of the rejection of the claim.
The express provision of the statute is that the four years shall begin to mn from the time of the qualification of the administrator or executor, and if the claim had not been barrel when it was allowed and the four years expired before it was disallowed, we can not understand why the four years’ statute ■should be applied; neither can we understand why the four years’ statute should begin to run from the date of disallow' ■anee. It seems to us the four years’ statute would be entirely inapplicable to that state of facts; that the only limitation would be six months; that a person would have only six months in which to begin his suit, under section 6098, Revised Statutes. But we are not disposed to quarrel with the Supreme Court upon that subject. We assume that in that case the_ Iaim had not been barred by the four years’ statute at ■the time it was first allowed. ,
Entertaining this opinion, it becomes our duty to reverse the judgment of the court of common pleas and to remand the •cause for a new trial.